**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CARY ARBOLIDA, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>NATIONAL COLLEGIATE ATHLETIC )<br>ASSOCIATION )<br>)<br>        Defendant. )<br>) | Case No. _____ |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND PRELIMINARY INJUNCTION**

Comes now Plaintiff Cary Arbolida ("Arbolida") and, pursuant to Fed. R. Civ. P. 65 and 65.01, moves this Court for a temporary restraining order and preliminary injunction against Defendant the National Collegiate Athletic Association ("NCAA") to restrain and enjoin the NCAA from enforcing NCAA Bylaws 12.8 and 12.02.6 against Arbolida to prevent him from playing Division I college baseball in the Spring 2025 season based on his prior participation on a junior college baseball team. Absent such injunctive relief, Arbolida will suffer substantial immediate and irreparable harm because he will be unable to compete in the Division I Spring 2025 baseball season. As a result, Arbolida will suffer, among other consequences, loss of meaningful name, image and likeness compensation and opportunities uniquely available to Division I athletes, loss of the opportunity to develop his baseball skills under the winningest active Big 12 head baseball coach, loss of the resources, facilities, training, publicity, and exposure provided to Division I athletes who are given a platform to showcase their talents at the highest level, and loss of the opportunity to increase his MLB draft prospects. The need for injunctive relief is immediate because Arbolida is currently a member of the Kansas State University ("KSU") Division I baseball team, and KSU is

playing its opening game on February 14, 2025. Until Arbolida obtains a ruling declaring him eligible to play Division I baseball for the Spring 2025 season, KSU coach Pete Hughes will proceed with planning and preparing the team as if Arbolida is ineligible.

Additionally, for the temporary and injunctive relief sought by Arbolida to be effective, Arbolida respectfully requests that the Court also enjoin the NCAA from enforcing Bylaw 12.11.4.2, which essentially permits the NCAA to punish college athletes who obtain injunctions permitting them to compete in collegiate competition. Pursuant to Bylaw 12.11.4.2, if an athlete who is ineligible to compete is permitted to participate in intercollegiate competition pursuant to a court restraining order or injunction and said injunction is voluntarily vacated, stayed or reversed or otherwise determined to be invalid, the NCAA may punish the athlete and member institution. In support of his Motion, Arbolida relies upon and files contemporaneously herewith his Memorandum of Law in Support of his Motion for Temporary Restraining Order and Preliminary Injunction and the declarations of Arbolida, KSU baseball coach Pete Hughes, and Ryan Henington, which are attached hereto as **Exhibits 1-3,** respectively.

Wherefore, Arbolida respectfully requests that this Court enter an order restraining and enjoining the NCAA from enforcing Bylaws 12.8 and 12.02.6 against Arbolida so that Arbolida may compete in his third season of Division I baseball as a member of the KSU baseball team.

5

**KENNYHERTZ PERRY, LLC**

*/s/ Milton Winter*
Milton Winter, KS Bar # 28776
Braden Perry, KS Bar # 21022
Kristen Andrews, KS Bar # 30066
2000 Shawnee Mission Pkwy, Ste 210
Mission Woods, KS 66205
(816) 527-9447
mit@kennyhertzperry.com
braden@kennyhertzperry.com
kristen.andrews@kennyhertzperry.com

**Attorneys for Plaintiff Cary Arbolida**

## **CERTIFICATION OF PLAINTIFF'S ATTORNEY**

Pursuant to Fed. R. Civ. P. 65(b)(l)(B), I, Mit Winter, hereby certify to the Court as follows:

I. I am an attorney licensed to practice in the State of Kansas and admitted to practice before the U.S. District Court for the District of Kansas. My Kansas Bar number is 28776.

2. I am one of the attorneys representing Plaintiff Cary Arbolida in this action.

3. Kansas State University ("KSU") submitted a waiver request to the NCAA on behalf of Arbolida, requesting that he be deemed eligible to play at least a third year of Division I baseball. The waiver request was submitted on February 7, 2025.

4. As of February 14, 2025, the NCAA had not issued a decision on Arbolida's waiver request.

5. On February 12, 2025, I emailed a Letter of Support to Scott Bearby, NCAA Senior Vice President of Legal Affairs and General Counsel, Jared Tidemann, NCAA Senior Counsel for Sports Administration and Government Affairs, and Michele Osborne, NCAA Vice President of Eligibility Center, informing the NCAA that I represent Arbolida, requesting that the NCAA grant Arbolida's waiver request, and putting the NCAA on notice that Arbolida would file a lawsuit seeking injunctive relief if the waiver request was denied or not decided in a timely manner.

6. KSU's Spring 2025 opening game is Friday, February 14, 2025.

7. Given the urgency of the matter, Arbolida is proceeding with filing the present Motion for Temporary Restraining Order and Preliminary Injunction.

8. Additional notice to the NCAA should not be required, as the NCAA is apprised of the situation and Arbolida will suffer immediate and irreparable harm, as shown and supported through specific facts in his Verified Complaint, if his request for a temporary

restraining order is not immediately entered.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

*/s/ Milton Winter*
Milton Winter (KS Bar # 28776)

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 14, 2025, a true and correct copy of the foregoing Motion for Temporary Restraining Order and Preliminary Injunction was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Milton Winter*
Milton Winter (KS Bar # 28776)