IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARY ARBOLIDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 2:25-cv-02079-JWB-BGS |
| v. | ) |
| | ) |
| | ) |
| NATIONAL COLLEGIATE | ) |
| ATHLETIC ASSOCIATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF JERRY VAUGHN PURSUANT TO 28 U.S.C. § 1746

In support of Defendant National Collegiate Athletic Association's ("NCAA") Response in Opposition to Plaintiff's Motion for Temporary Restraining Order ("Response"), I, Jerry Vaughn, declare under penalty of perjury that the following facts are true and correct:

1. My name is Jerry Vaughn. I am over the age of 21, and am fully competent and authorized to execute this Declaration in support of Defendants' Response. I have personal knowledge of all facts set forth in this affidavit, and the matters stated herein are true and correct and within my personal knowledge.

2. I am currently the Director of Academic and Membership Affairs at the NCAA. I have worked for the NCAA for more than ten years. I have worked in my current role as the Director of Academic and Membership Affairs for three years. In this role, I provide director oversight of the team that manages the student-athlete reinstatement team processes for all three Divisions, including the review of extension of eligibility waivers and season of competition waivers. Additionally, I have supported membership governance bodies including the NCAA

1

Division I, II, and III Committees on Student-Athlete Reinstatement, and various working groups that have reviewed the topic of eligibility.

3.  Based on my experience, I am familiar with the NCAA's Division I bylaws, policies, and procedures for student-athlete eligibility determinations and waiver requests.

4.  On or about June 27, 2024, while still a member of the University of Houston's baseball team, the University of Houston, on Plaintiff Cary Arbolida's ("Plaintiff") behalf, submitted an eligibility waiver request seeking a waiver that would allow Plaintiff to play collegiate baseball at the University of Houston in Spring 2025, for a sixth total season.

5.  On or about October 11, 2024, Houston's eligibility request was denied under member schools' adopted bylaws and rules that apply uniformly to all of its student-athletes.

6.  To my knowledge, the University of Houston did not appeal the denial of its eligibility waiver request.

7.  On or about February 8, 2025, Kansas State University ("KSU") submitted an eligibility waiver request on Plaintiff's behalf that was virtually identical to the previously denied eligibility waiver request that the University of Houston submitted on Plaintiff's behalf in 2024.

8.  Before a decision was made on KSU's eligibility waiver request that was submitted on Plaintiff's behalf, Plaintiff filed this instant suit.

9.  As of this date, no decision on KSU's eligibility waiver request that was submitted on Plaintiff's behalf has been issued.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on February 18, 2025, in Indianapolis Indiana.

By: _____
Jerry Vaughn
National Collegiate Athletic Association