## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARY ARBOLIDA, | ) |
|  Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:25-cv-02079-JWB-BGS |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | ) ) ) ) |
|  Defendant. | ) ) ) |

### **MOTION FOR PRELIMINARY INJUNCTION**

Comes now Plaintiff Cary Arbolida ("Arbolida") and, pursuant to Fed. R. Civ. P. 65 and 65.01, moves this Court for a preliminary injunction against Defendant the National Collegiate Athletic Association ("NCAA") to restrain and enjoin the NCAA from enforcing NCAA Bylaws 12.8 and 12.02.6 against Arbolida to prevent him from playing for the Kansas State University ("KSU") baseball team in the Spring 2025 season based on his prior participation on a junior college baseball team. Absent such injunctive relief, Arbolida will continue to suffer substantial, immediate, and irreparable harm because he has been, and will continue to be unable to, compete in the Division I Spring 2025 baseball season. As a result, Arbolida has and will suffer, among other consequences, loss of the ability to ever play for this KSU team, meaningful name, image and likeness compensation and opportunities uniquely available to Division I athletes, loss of the opportunity to develop his baseball skills under the winningest active Big 12 head baseball coach, loss of the resources, facilities, training, publicity, and exposure provided to Division I athletes who are given a platform to showcase their talents at the highest level, and loss of the opportunity to increase his MLB draft prospects. The need for injunctive relief is immediate because Arbolida is currently a member of the KSU baseball team, and KSU has already played nine (9) of its

fifty-six (56) regular season games as of February 28, 2025. The longer Arbolida is without injunctive relief, the more irreparable harm he suffers by losing opportunities to play with this KSU baseball team and the potential increase to his brand, draft prospects, and NIL opportunities that come along with that.

Additionally, for the injunctive relief sought by Arbolida to be effective, Arbolida respectfully requests that the Court also enjoin the NCAA from enforcing Bylaw 12.11.4.2, which essentially permits the NCAA to punish college athletes who obtain injunctions permitting them to compete in collegiate competition. Pursuant to Bylaw 12.11.4.2, if an athlete who is ineligible to compete is permitted to participate in intercollegiate competition pursuant to a court restraining order or injunction and said injunction is voluntarily vacated, stayed or reversed or otherwise determined to be invalid, the NCAA may punish the athlete and member institution. In support of his Motion, Arbolida relies upon and files contemporaneously herewith his Memorandum of Law in Support of his Motion for Preliminary Injunction.

Wherefore, Arbolida respectfully requests that this Court enter an order enjoining the NCAA from enforcing Bylaws 12.8, 12.02.6, and 12.11.4.2 against Arbolida so that Arbolida may compete in his third season of Division I baseball as a member of the KSU baseball team.

Respectfully submitted,

KENNYHERTZ PERRY, LLC

*/s/ Milton Winter*
Milton Winter, KS Bar # 28776
Braden Perry, KS Bar # 21022
Kristen Andrews, KS Bar # 30066
2000 Shawnee Mission Pkwy, Ste 210
Mission Woods, KS 66205
(816) 527-9447
mit@kennyhertzperry.com
braden@kennyhertzperry.com
kristen.andrews@kennyhertzperry.com

**ATTORNEYS FOR PLAINTIFF CARY ARBOLIDA**

CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, the foregoing was filed using the electronic filing system for the United States District Court for the District of Kansas, causing a true and correct copy to be served on all counsel of record. All other parties will be served by regular U.S. Mail.

/s/ *Milton Winter*
Attorney for Cary Arbolida